# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NOS. 4:13CR16-MW/CAS
   4:15CV255-MW/CAS

J-SHUN HARRIS,

    *Defendant.*

_____/

**ORDER ADOPTING REPORT & RECOMMENDATION**

    The Magistrate Judge has issued a Report and Recommendation, ECF No. 91, on J-Shun Harris's §2255 motion to vacate, set aside, or correct his sentence, ECF No. 73. The Magistrate recommends that Mr. Harris's motion be granted on the first ground he raised—namely, that his trial counsel was ineffective in failing to consult with him regarding an appeal of his sentence. ECF No. 91, at 27. If this Court were to adopt the R&R, the relief afforded Mr. Harris would be as follows. First, this Court would vacate Mr. Harris's sentence. Second, this Court would re-sentence Mr. Harris using the same sentencing guidelines calculations as before. Third, Mr. Harris would appeal to the Eleventh Circuit, which would likely vacate his sentence and remand for re-sentencing in light of the fact that the guidelines calculation was erroneous.

1

This seems like an unnecessarily tortuous solution, especially in light of the fact that the second ground raised in Mr. Harris's §2255 motion offers a cleaner path. As Ground Two, Mr. Harris raised the issue that his "[t]rial attorney erred in allowing the District Court to apply 2.K2.1(B)(6)(B) 4 level enhancements" in calculating his guidelines range. ECF No. 73, at 5. Assuming for the moment that this Court were to decide that Mr. Harris is entitled to relief on Ground Two, it seems that he would end up in the same place—sentenced under the correct guidelines range with an opportunity to appeal the sentence—as if the more convoluted relief under Ground One were granted.

This path is problematic, though, because it seems it would offer a way to mount a collateral attack on a sentencing guidelines calculation—which is usually forbidden, *see Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc)—by couching it as an ineffective assistance of counsel claim. The better route is to proceed as the Magistrate recommends. This route also acknowledges that the worst effect of Harris's counsel's failure to notice the guidelines calculation error was that it likely caused him to recommend to Harris that he not appeal, thus depriving him of the ability to challenge the error directly.

Frankly, this is all quite silly. Everyone acknowledges that Harris was sentenced under the wrong guidelines range, and that the error was not the result of some difficult application of law to fact or some unresolved question of law, but rather a simple oversight. Harris's counsel's failure to recognize that oversight cost Harris his chance to correct the error directly, thus necessitating recourse to the habeas process. Under circumstances such as these, why not simply grant Harris's motion on the grounds that the guidelines range was incorrect—an accounting error, more or less—rather than resort to this Rube Goldberg-like mechanism? No doubt the answer would be "finality." It is true that "[f]inality 'is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect.'" *Spencer*, 773 F.3d at 1144 (quoting *Teague v. Lane*, 489 U.S. 288, 309 (1989)). But finality must always be balanced against justice, and when, as here, justice costs so little, it seems absurd that finality would demand recourse to such acrobatics. *Cf. Spencer*, 773 F.3d at 1164 (Jordan, J., dissenting) ("finality is not 'the central concern of the writ of habeas corpus'—'fundamental fairness is'") (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

**IT IS ORDERED:**

1. The Report and Recommendation, ECF No. 91, is **accepted and adopted** as this Court's opinion. The Clerk shall enter judgment stating, "The amended motion to vacate, set aside, or correct a sentence, ECF No. 73, is GRANTED on Ground One to the extent Petitioner claims that trial counsel was constitutionally ineffective in failing to properly consult with him about a direct appeal of his sentence. The motion is DISMISSED without prejudice as to the other grounds."

2. The Clerk shall set a sentencing hearing in this as soon as possible.

**SO ORDERED on May 19, 2016.**

        <u>**s/Mark E. Walker**</u>
        **United States District Judge**